UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CJ INVESTMENT SERVICES, INC., ET AL., | Case No.: 5:08-CV-5550 EJD |
| Plaintiffs, | **ORDER GRANTING MOTION TO SEVER AND SETTING CASE MANAGEMENT CONFERENCE** |
| v. | |
| MICHAEL D. WILLIAMS, ET AL., | **(Re: Docket No. 38)** |
| Defendants. | |
| AND CROSS-ACTION | |

Pending before the court is Plaintiffs' motion to sever their claims to quiet title and declaratory relief, as to which the court has granted summary judgment, from the remainder of the case. For the reasons discussed below, the motion is GRANTED.

## I. BACKGROUND

This action arises out of a loan Plaintiffs made to Defendant Michael Williams ("Williams") secured by the real property located at 3005 Duval Court, Gilroy, California (the "Subject Property"). Plaintiffs allege the following facts. See Docket No. 1. Plaintiffs were provided a title report that included only one loan secured by the property. Plaintiffs made their loan on the condition that Williams would use their loan to satisfy the existing loan and Plaintiffs' loan would be secured by a first priority deed of trust. Williams defaulted under Plaintiffs' deed of trust. Plaintiffs moved to foreclose on the Subject Property but discovered there are several other

1

1  obligations, liens, and judgments against the Subject Property. On July 12, 2007, Plaintiffs filed
2  this action in California State Court, Santa Clara County.
3  On March 7, 2008, Williams filed a cross-complaint against Cross-Defendants David
4  Bishop and CJ Investment Services, Inc. alleging fraud, non-disclosure of material facts,
5  conversion of real property, tortious interference with business relations, negligent infliction of
6  emotional distress, deception, and conspiracy to defraud. See Docket No. 30-2.
7  On November 14, 2008, Plaintiffs filed their First Amended Complaint ("FAC") in Santa
8  Clara Superior Court alleging eight causes of action against Defendants. In their FAC, Plaintiffs
9  allege, as to Williams, Williams' company Power and Data Technology, Inc., and several entities
10 with liens on the Subject Property ("lienholder Defendants"), an entitlement to (1) quiet title, (2)
11 declaratory relief, (7) equitable lien, and (8) equitable subrogation. Plaintiffs also allege against
12 Williams (3) negligent misrepresentation, (4) suppression of fact, (5) breach of contract, and (6)
13 indemnity. On December 12, 2008, Defendant United States of America - Department of Treasury
14 ("United States"), which had a federal tax lien against the Subject Property, removed the action to
15 federal court pursuant to 28 USC § 1442 and § 1444.
16 On July 7, 2010, the United States filed a Notice of Disclaimer for itself and on behalf of
17 the Internal Revenue Service disclaiming any interest in the Subject Property ("Notice of
18 Disclaimer"). See Docket No. 33. On August 16, 2010, Plaintiffs and all lienholder Defendants,
19 except Defendant Toroid Corporation, filed a Stipulation of Facts and Entry of Separate Judgment,
20 agreeing to the facts surrounding the attachment of their liens to the Subject Property and agreeing
21 to subordinate their liens to Plaintiffs' loan ("Subordination Agreement"). See Docket No. 42. Also
22 on August 16, 2010, Plaintiffs moved to sever the first cause of action to quiet title and the second
23 cause of action for declaratory relief and moved for summary judgment on those causes of action.
24 On November 24, 2010, Chief Judge Ware granted the motion for summary judgment as to
25 the first and second causes of action and held the Subordination Agreement was a valid agreement
26 entitling Plaintiffs' lien to first priority against the Subject Property. See Order Granting Pl.s'

Motion for Summary Judgment, Docket No. 55. Chief Judge Ware also dismissed the seventh cause of action for equitable subrogation as duplicative. Id. n.14.

Chief Judge Ware ordered Plaintiffs to file a proposed judgment and denied the motion to sever as moot. See id. On December 10, 2010, Plaintiffs filed a proposed judgment. See Docket No. 56. On February 16, 2011, Chief Judge Ware declined to enter the proposed judgment because it exceeded the scope of his Order and ordered Plaintiffs to file a revised proposed judgment. See Docket No. 58. On February 28, 2011, Plaintiffs filed a proposed judgment with a statement. See Docket No. 59.

On April 25, 2011, the case was reassigned to the undersigned. On October 21, 2011, the court held a case management conference and set a deadline for Plaintiffs to file a renewed motion to sever. See Docket No. 65. On October 27, 2011, Plaintiffs renewed their motion to sever. On November 14, 2011, Williams filed his opposition to the motion. On November 18, 2011, Plaintiffs filed a reply to the opposition. On December 6, 2011, the court took the motion under submission without oral argument pursuant to Civil L.R. 7-1(b).

## II. LEGAL STANDARDS

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part: "The court may . . . sever any claim against a party." "Application of Rule 21 involves consideration of convenience and fairness." S.E.C. v. Leslie, No. C 07-3444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010). "The court has broad discretion in granting a severance." United States v. O'Neil, 709 F.2d 361, 367 (5th Cir.1983). In deciding whether to sever an action under Rule 21, courts consider, along with the requirements of Rule 20(a), such factors as judicial economy, shared sources of proof, and "whether prejudice would be avoided if severance were granted." Leslie, 2010 WL 2991038, at *4.

## III. DISCUSSION

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1442 because a federal agency is being sued on account of its claim to a tax lien. Additionally, the court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1444 because the action affects property on which the United States has a lien under 28 U.S.C. § 2410.

Williams argues that severing the first and second causes of action from the other six causes of action would prejudice him because it would fragment events and confuse a jury. Williams further argues that a joint trial would preserve resources and avoid the risk of inconsistent verdicts. These arguments fail, however, because the first and second causes of action have already been decided by Chief Judge Ware in summary judgment. There is no need to hold a trial on these causes of action. Williams has failed to show any prejudice would result from granting the motion to sever the two causes of action for which Plaintiffs' motion for summary judgment was granted. If the motion to sever is not granted, however, Plaintiffs will be delayed in enforcing their rights in the Subject Property despite summary judgment having been granted as to quiet title and declaratory relief. Accordingly,

IT IS HEREBY ORDERED that the motion to sever is GRANTED. Plaintiffs' quiet title claim and Plaintiffs' declaratory relief claim are severed from the remaining six causes of action.[1] These two causes of action shall proceed in a separate case.

IT IS FURTHER ORDERED that the Clerk of the court shall assign a new case number for the first and second causes of action and assign that case to the undersigned.

IT IS FURTHER ORDERED that the parties shall appear for a case management conference on March 23, 2012. The parties shall file a joint case management conference statement on March 13, 2012.

Dated: February 17, 2012

EDWARD J. DAVILA
United States District Judge

---

[1] The court notes that the United States is still a Defendant as to the seventh cause of action, which Chief Judge Ware previously dismissed, and the eighth cause of action. Unless the United States is dismissed as to these causes of action, this court will retain subject matter jurisdiction over both this action and the severed action.

4
Case No.: 5:08-CV-5550 EJD
ORDER GRANTING MOTION TO SEVER AND SETTING CASE MANAGEMENT CONFERENCE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CJ INVESTMENT et al,

        Plaintiff,

  v.

MICHAEL D. WILLIAMS et al,

        Defendant.

Case Number: CV08-05550 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael D Williams
3005 Duval Court
Gilroy, Ca 95020

Dated: February 21, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk