United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CJ INVESTMENT SERVICES, INC., et. al., | CASE NO. 5:12-cv-00866 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS; REMANDING CASE** |
| v. | |
| MICHAEL D. WILLIAMS, et. al., | |
| Defendant(s). | [Docket Item No(s). 8] |

## I. INTRODUCTION

Presently before the court is Plaintiffs'[1] Motion to Dismiss (the "Motion") their claims against Defendant United States of America (the "Government") without prejudice. See Docket Item No. 8. Defendants have not filed an opposition to this motion, and the time for filing an opposition has passed.

The court has reviewed this matter and finds it appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for September 14, 2012, will therefore be vacated and Plaintiffs' motion will be granted. Because that decision leaves this court

---

[1] In addition to CJ Investment Services, Inc., the additional moving plaintiffs are David A. Gray, Richard M. Oderio, Calvin B. Cornwell, Carla J. Cornwell, Ignatius Palermo, Trustee of the Palermo Living Trust u/t/d February 6, 1995, Wiley Austin Smith and Marilyn Joan Smith, as Trustees for the Smith Living Trust u/t/d April 22, 1992, Dianna Sue Stickney, Trustee of the Stickney Living Trust u/t/d August 31, 2000, Craig R. Dulis and Gloria J. Dulis, Trustees of the Craig R. Dulis and Gloria J. Dulis Revocable Living Trust u/t/d March 29, 1995, Mark A. Parelius, Trustee of the M. Ronald Parelius Irrevocable Life Insurance Trust u/t/d September 16, 1999, and Kaleen Abel, Trustee of the Abel Family Trust B.

without subject matter jurisdiction, this action will be remanded to the state court from which it originated.

## II.   BACKGROUND

The court recounts the relevant factual and procedural background as it has previously.  This action arose out of a loan Plaintiffs made to Defendant Michael Williams ("Williams") secured by real property located at 3005 Duval Court, Gilroy, California (the "Property").  Williams defaulted on the deed of trust, and Plaintiffs moved to foreclose on the Property.  In doing so, however, Plaintiffs discovered several other obligations, liens, and judgments against the Property, including a tax lien held by the Government.

On July 12, 2007, Plaintiffs filed an action against the various entities and individuals claiming an interest in the Property, including Williams.  After Plaintiffs filed an amended complaint, the Government removed the action to this court.  See Docket Item No. 1, Case No. 5:08-cv-05550 EJD.

Nearly three years after Plaintiffs commenced the action in state court, the Government filed a Notice of Disclaimer disclaiming any interest in the Property.  See Docket No. 33.   This eventually resulted in a stipulation for entry of judgment between Plaintiffs and all lienholder defendants except one, wherein the parties agreed that all liens would be subordinate to Plaintiffs' loan (the "Subordination Agreement").  See Docket No. 42, Case No. 5:08-cv-05550 EJD.

Plaintiffs eventually moved to sever the first and second causes of action for quiet title and declaratory relief and moved for summary judgement on those claims.  On November 24, 2010, this court's predecessor granted the motion for summary judgment as to the first and second causes of action and held that the Subordination Agreement was a valid agreement, entitling Plaintiffs' lien to first priority over all others.  See Docket Item No 55,  Case No. 5:08-cv-05550 EJD.  The court ordered Plaintiffs to submit a proposed judgment.

Plaintiffs submitted the proposed judgment to the court on December 10, 2010.  See Docket Item No. 56, Case No. 5:08-cv-05550 EJD .  The court declined to enter it, however, because of its perception that it exceeded the scope of the summary judgment order.  See Docket Item No. 58, Case No. 5:08-cv-05550 EJD.  Plaintiffs submitted a new judgment on February 28, 2011.  See

Docket Item No. 59, Case No. 5:08-cv-05550 EJD.  The case was then reassigned to the undersigned on April 25, 2011.  See Docket Item No. 60, Case No. 5:08-cv-05550 EJD.

On October 27, 2011, Plaintiffs renewed their motion to sever the first and second causes of action from the remainder of the amended complaint.  This court granted the motion, ordered the claims severed, and ordered the clerk to open the instant case for the remaining claims, all of which arise under state law.[2]  See Docket Item No. 73, Case No. 5:08-cv-05550 EJD.

Judgment was entered on the first and second causes of action on March 19, 2012.  See Docket Item No. 76, Case No. 5:08-cv-05550 EJD.  Plaintiffs now move to dismiss the Government from the seventh and eighth causes of action.  See Docket Item No. 8, Case No. 5:12-cv-00866 EJD.

### III.   DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.  When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal.  Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir. 1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982).

Here, the court cannot find any prejudice to the Government in dismissing it from the two remaining causes of action to which it is a party.  As explained above, the Government disclaimed any interest in the Property at issue and the court found such disclaimer valid in the order granting summary judgment.  Accordingly, the Government has no further interest in the remaining causes of action and should therefore be dismissed without prejudice.

The court recognizes that the decision to dismiss the Government leaves the court without a basis for subject matter jurisdiction over the remaining state-law claims.  Furthermore, the court finds it appropriate to decline supplemental jurisdiction because, at this point, issues of state law

---

[2] It appears the Order granting the Motion to Sever contains an error in the instruction for the clerk to assign a new case number to the first and second causes of action.  In actuality, the first and second causes of action remained under the original case number, 5:08-cv-05550 EJD, and the remainder of the action was assigned case number 5:12-cv-00866 EJD.  The judgment entered in case number 5:08-cv-05550 EJD resolved the first and second causes of action.

1  "substantially predominate." 28 U.S.C. § 1367(c). An order remanding this action will be entered
2  as a result.

### IV.   ORDER

Based on the foregoing, Plaintiffs' Motion to Dismiss (Docket Item No. 8) is GRANTED. The seventh and eighth causes of action are DISMISSED WITHOUT PREJUDICE insofar as those claims are asserted against the Government.

The balance of this action is REMANDED to Santa Clara County Superior Court for further proceedings.[3] The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: August 31, 2012



EDWARD J. DAVILA
United States District Judge

---

[3] Considering the somewhat complicated procedural circumstances, it is worth noting here for the sake of clarity that this case is merely an offshoot of the case originally removed from Santa Clara County Superior Court (5:08-cv-05550 EJD). The original state court case number was 107CV089734.